IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY APODACA,

           Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

           Defendant.

CV 10-314-TC

FINDINGS &
RECOMMENDATION

COFFIN, Magistrate Judge:

### BACKGROUND

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff was born in 1963 and was 42 at the time of her alleged onset date of disability. She has reported experiencing a number of traumatic experiences throughout her life, such as being raped at age 14 and physically assaulted at ages, 17, 24,

1 - FINDINGS & RECOMMENDATION

and 28, which involved being run over by a car and beat over the head with a baseball bat. Since the baseball bat incident in 1999, plaintiff has suffered from grand mal seizures and had a craniotomy to remove a blood clot. She has been prescribed Dilantin since that time to control her seizures. She had made several visits to the emergency room in anticipation of or after a seizure. Plaintiff testified at her hearing that she has been homeless much of the time since March of 2006 because she has no income and lives off of food stamps. She also testified that she had approximately 125 days of sobriety as of the day of her hearing.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the

findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date; see 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff had the following severe impairments: seizure disorder; alcoholism and drug abuse; and a cognitive disorder; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) for light work and limited her to occasional overhead reaching, avoiding concentrated exposure to hazards, and simple routine tasks with no more than occasional contact with the public and coworkers; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was unable to perform her past relevant work; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

At step five, the ALJ found that plaintiff could work in light janitorial housekeeping and as a packer/filler.

## DISCUSSION

Plaintiff emphasizes arguments that the ALJ improperly rejected part of the opinion of an examining physician, failed to develop the record, and did not properly assess plaintiff's residual functional capacity as to her mental impairments. Reply (#20).

Plaintiff seeks a reversal of the Commissioner's decision and a remand "to the Secretary for a fair and thorough evaluation...." Plaintiff's Opening Brief (#17).

As discussed in further detail below, reversal and remand is appropriate in the circumstances of this case. This court exercises its discretion in favor of further proceedings upon remand as the record has not been fully developed and there are outstanding issues that must be resolved before a determination of disability can be made.

In Mayes v. Massinari, 276 F.3d 453, 459-460 (9th Cir. 1999), the Ninth Circuit Court of Appeals stated that an ALJ's duty to further develop the record is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. See also 20 C.F.R. §416.912.

Counsel for plaintiff wrote to the ALJ before the hearing and requested a neuropsychological consultative (CE) examination of plaintiff. Counsel also requested such a CE at the hearing to fully assess plaintiff's mental limitations, and did so again

during the waiting period after the hearing. The ALJ did not order the CE, nor did the ALJ specifically explain in the decision why one was not ordered.

The ALJ's findings regarding mental limitations relied largely on non-examining medical consultant opinions which were based on a review of records through 2006, some three years before the hearing with the ALJ.

In addition, the ALJ acknowledged but discounted a September 2006 opinion from Dr. Bryan who had actually examined plaintiff and done so twice. Dr. Bryan found that plaintiff was extremely impaired in her ability to understand and remember instructions and severely impaired in her ability to sustain concentration, attention and persistence. The ALJ did not give Dr. Bryan's opinion "much weight" because "it appears he did not see the claimant's treatment records and that he was not fully aware of the claimant's activities of daily living. The ALJ also stated that Dr. Bryan saw the claimant on only one occasion and that Dr. Bryan had limited information about plaintiff, and, as such, he "was not able to thoroughly and objectively evaluate her condition. He did not seem aware of the extent of her problem with alcoholism and he seemed to rely on her subjective allegations." Tr. 64-65.

Plaintiff was treated at the De Paul Center for alcoholism after Dr. Bryan's exams. Treatment notes from the Center

6 - FINDINGS & RECOMMENDATION

indicate there are questions regarding plaintiff's mental limitations and how they relate to her alcohol use, or lack thereof. For example, treatment notes on December 6, 2008 indicated that plaintiff "experiences persistent symptoms of increased arousal as seen by her difficulty concentrating, hypervigilance, and exaggerated startle response." Tr. 1358. On January 20, 2009, progress notes from Maile Sand MA, QMHP, stated " the clt disclosed that her difficulty with short term memory is not improving as she expected once she had more time clean." Tr. 1305. On February 4, 2009, Ms. Sand also noted that plaintiff continued to have difficulty with her short term memory, which interfered with her access to resources. Tr. 1301.

In addition, it should be noted that the ALJ stated that "there was a reference that claimant's memory and confusion problems might be related to withdrawal (presumably from alcohol) or a history of traumatic brain injury. However, the possibilities are vague." Tr. 60.

There is a gap between the older records and the new ones and the evidence may suggest plaintiff's mental limitations persisted even after being sober. The ALJ's duty to further develop the record is triggered in this action, both because of ambiguity and because the record is inadequate to allow for the proper evaluation of evidence. The ALJ noted some vagueness and did not specifically rely on a treating or another examining professional

7 - FINDINGS & RECOMMENDATION

for her findings, but rather relied on professionals who reviewed documents for a limited time period.[1] All things considered, further development of the record is appropriate. See Mayes, supra; 20 C.F.R. §416.912. The ALJ should be directed to order a neuropsychological examination of plaintiff and perform a new five-step sequential analysis.

## CONCLUSION

As discussed above, the Commissioner's decision should be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). The ALJ should be directed to order a neuropsychological examination of plaintiff and perform a new five-step sequential analysis.

DATED this 7 day of September, 2011.

_____
Thomas Coffin
United States Magistrate Judge

---

[1] Emergency room records were cited, but these were largely unrelated to plaintiff's mental impairments.